

**FILED**

**OCT 31 2023**

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

U. S. DEPARTMENT OF JUSTICE

*William Ihlenfeld*
*United States Attorney's Office*
*Northern District of West Virginia*

---

Derek W. Hotsinpiller Federal Building
320 West Pike Street, Suite 300
Clarksburg, WV 26301

Phone: (304) 623-7030
Fax: (304) 623-7031

August 30, 2023

Brian J. Kornbrath, Esq.
Federal Public Defender
230 W. Pike Street, Suite 300
Clarksburg, WV 26301
**By email: Brian_Kornbrath@fd.org**

      Re:    *United States v. Quwan Davis*, 1:23cr**59**

Dear Mr. Kornbrath:

The purpose of this letter is to extend to your client, Quwan Davis ("the Defendant"), the following plea offer:

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended, which are advisory to the Court.

It is agreed between the United States of America and your client as follows:

**1.**     **Plea:**

    A.    Upon the filing of an Information by the United States Attorney, a copy of which is attached hereto, the Defendant will waive his right to have this matter presented to a grand jury and will tender his plea of guilty to Count One, charging him with Possession of a Prohibited Object (narcotic), in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(b)(1).

    B.    The maximum penalty for the offense to which the Defendant will be exposed by virtue of his plea of guilty to Count One of the Information as stated in paragraph 1.A. above, is imprisonment for a period of not more than twenty (20) years, a fine of not more than $250,000.00, three (3) years supervised release, and a mandatory special assessment of $100.00 (18 U.S.C. 3013), which must be paid before the date of sentencing, by money order or certified check made payable to the United States District Court. It is also understood that the Defendant might be required by the Court to pay the costs of his incarceration.

_____
Quwan Davis,
Defendant

SEPT. 12, 2023
Date

_____
Brian J. Kornbrath, Esq.
Counsel for the Defendant

SEPT. 12, 2023
Date

Quwan Davis
August 30, 2023
Page 2

---

**2.     Sentencing:**
    A.     **Recommended Sentence:**
    1.     The United States and the Defendant agree, under Federal Rule of Criminal Procedure 11(c)(1)(C), that the appropriate sentence in this case is twelve (12) months incarceration for Count One. Further, the parties agree to recommend the sentence run consecutive to any sentence that the Defendant is currently serving or that has been previously imposed. The Court will also impose the mandatory special assessment of $100.00. No fine is recommended because the Defendant does not have the financial ability to pay a fine. The parties also recommend the Court impose no additional supervised release.

    2.     The government considers the recommended sentence adequate under the circumstances of this case to provide a reasonable sentence for the Defendant's crime while disposing of the case without the expenditure of significant judicial or prosecutorial resources.

    B.     **Sentencing Procedure:**
    1.     The parties waive the right to have a full presentence investigation made prior to sentencing and request that the Court impose the sentence immediately upon the acceptance of the guilty plea.

    2.     Acknowledging that it is the Court's responsibility to determine whether the agreed sentence is reasonable after considering the circumstances of the case and the background of the Defendant, the United States Attorney's Office and counsel for the Defendant agree to cooperate with any preliminary investigation the court may cause to be made prior to the plea hearing.

**3.     Waivers:**
    A.     If the Court accepts this agreement and imposes the recommended sentence, the United States and the Defendant waive the right to appeal the sentence, or to appeal any other issue in this case, on any ground whatsoever.

    B.     If the Court accepts this agreement and imposes the recommended sentence, the Defendant waives his right to challenge his sentence or the manner in which it was determined by collateral attack, including but not limited to, under 28 U.S.C. § 2255 (habeas corpus).

**4.     Other Charges:**
    A.     In exchange for this plea of guilty, the United States agrees not to pursue any other charge(s) against the Defendant related to his conduct on or about June 16, 2023.

_____          SEPT. 12, 2023
Quwan Davis,                              Date
Defendant

_____          SEPT. 12, 2023
Brian J. Kornbrath, Esq.                  Date
Counsel for the Defendant

Quwan Davis
August 30, 2023
Page 3

5. **Other Matters:**

    A.    The above four (4) paragraphs constitute the entire agreement between the Defendant and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

    B.    The Defendant was not debriefed as a part of this plea agreement. Further, he did not provide any information or any substantial assistance to the government in this case or any other case. Therefore, the United States will not make a § 5K1.1 "substantial assistance to the government" motion for the Defendant. Likewise, the United States will not make any motions pursuant to Federal Rule of Criminal Procedure 35 for the Defendant. The government will not recommend any downward departure or variance below the consecutive statutory sentences as stated in Paragraph 2.A.1 on Page 2 of the plea agreement.

Very truly yours,

William Ihlenfeld
United States Attorney

By: _[signature]_, 10/31/2023
~~Christopher L. Bauer~~ Andrew R. Cogar
Assistant United States Attorney

As evidenced by my signature at the bottom of the three pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_[signature]_
Quwan Davis,
Defendant

_[signature]_
Brian J. Kornbrath, Esq.
Counsel for the Defendant

SEPT. 12, 2023
Date

SEPT. 12, 2023
Date